FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ISMELDO ANDURAY-SAGASTUME, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-75174 <br><br> Agency No. A072-509-660 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Oscar Ismeldo Anduray-Sagastume, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, relief under the Convention

Against Torture ("CAT"), and cancellation of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings.

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and

dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Anduray-Sagastume

did not suffer past persecution based on his experiences with the Guatemalan

military or with the civil patrol.  *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1151

(9th Cir. 2000) (without evidence of a discriminatory purpose, forced conscription

into the military is not persecution on account of a protected ground); *Molina-*

*Estrada v. INS*, 293 F.3d 1089, 1094-95 (9th Cir. 2002) (no evidence persecution

was motivated by a protected ground).  Substantial evidence also supports the

BIA's finding that Anduray-Sagastume did not establish he suffered past

persecution through the threats and beating he suffered as a union leader because

he failed to demonstrate the government was unable or unwilling to control his

attackers.  *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Further, the record does not compel the conclusion that Anduray-Sagastume has a

well-founded fear of future persecution if he returns to Guatemala.  *See Nagoulko*

*v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).  Accordingly, Anduray-Sagastume's asylum claim fails.

Because Anduray failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

In addition, substantial evidence supports the BIA's denial of CAT relief because Anduray-Sagastume failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Guatemala.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review the agency's discretionary determination that Anduray-Sagastume failed to demonstrate exceptional and extremely unusual hardship to a qualifying relative in support of his application for cancellation of removal.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**